FILED

2026 Mar-11  PM 01:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

|  |  |
|---|---|
| SARAH CLARK,<br><br>*Plaintiff*,<br><br>v.<br><br>FISH BEAR STUDIO LTD,<br><br>*Defendant*. | CIVIL ACTION NO. _____ |

**<u>NOTICE OF REMOVAL</u>**

Defendant Fish Bear Studio Ltd., by and through its undersigned counsel, pursuant to 9 U.S.C. § 205, as well as 28 U.S.C. §§ 1441 and 1446, hereby specially appear for the purpose of this removal and, preserving all defenses, removes this action from the Circuit Court of Franklin County, Alabama.

Pursuant to 28 U.S.C. § 1446(d), Fish Bear Studio Ltd. will file a Notice of Filing Notice of Removal with the Clerk of the Circuit Court of Franklin County, Alabama, attaching a copy of this Notice (with exhibits) and will concurrently serve the parties, through counsel, with the same.

In support of this Notice of Removal, Fish Bear Studio Ltd. states as follows:

**<u>JURISDICTION AND VENUE</u>**

1. A defendant has a right of removal where an action brought in state court is one over which the district court has original jurisdiction. 28 U.S.C. § 1441.

2. The Court has original jurisdiction over this action because the arbitration agreement is governed by federal law pursuant to 9 U.S.C. § 201, *et seq.* (the "Convention Act").

1

3.      Alternatively, this Court also has original jurisdiction over this action because (1) this action is purportedly brought on behalf of a putative class consisting of more than 100 members; (2) minimal diversity exists between the parties; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

4.      Venue is proper in the Northern District of Alabama because the state court action was filed in the Circuit Court of Franklin County, Alabama, and Defendant has complied with the procedural requirements of 9 U.S.C. § 205, 28 U.S.C. § 1441 and 1446, and this Court is the district "embracing the place where the action or proceeding is pending." 9 U.S.C. § 205; *see also* 28 U.S.C. § 1441(a).

### GROUNDS FOR REMOVAL

5.      On January 6, 2026, Sarah Clark initiated this action against Fish Bear Studio Ltd. by filing a Statewide Class Action Complaint in the Circuit Court of Franklin County, Alabama, Case No. 33-CV-2026-900027.00 pursuant to Alabama Code § 8-1-150(a).

6.      Plaintiff alleges that she is entitled to recover under Ala. Code § 8-1-150(a) because she "spent money to play Defendant's gambling games within the six months preceding the filing of this complaint." (Compl. ¶ 15.)

7.      In addition to seeking individual relief, Plaintiff also seeks to represent a class broadly defined as "[a]ll Alabama residents who spent money purchasing virtual coins on Defendant's website or websites and suffered a net loss . . . within the six months preceding the filing of this complaint and continuing to a date to be set by the Court following certification." (*Id.* ¶ 21.)

8.      Plaintiff's Prayer for Relief purports to seek, in pertinent part: (1) an order certifying this case as a class action; (2) a final judgment against Defendant awarding the

2

class's net losses on Defendant's platforms in the six months preceding the filing of the Complaint and continuing through until the entry of judgment; (3) interest and costs; and (4) attorney fees; and (5) any other applicable relief. (Compl. Prayer for Relief ¶¶ 1–8.)

9.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings in the state court case to date are attached hereto as **Exhibit A**.

10.      Under 28 U.S.C. § 1446(a), a notice of removal need only contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Moreover, the Supreme Court has held that a defendant's notice of removal "need only include a plausible allegation" that the jurisdictional requirements are satisfied. *Dart Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014).

**I.      The Convention Act**

11.      Removal of this case is proper under 9 U.S.C. § 205. This provision permits the Defendant to remove a case any time before trial when "the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement" falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention").

12.      The Convention governs an arbitration agreement if: (1) it is in writing, (2) the place of the arbitration is in a country that is a signatory to the Convention, (3) the dispute arises out of a commercial relationship, and (4) a party to the agreement is not an American citizen, or the agreement has some other reasonable relationship with one or more foreign states. 9 U.S.C. § 202; *see also Northrop & Johnson Yachts-Ships, Inc. v. Royal Van Lent Shipyard, B.V.*, 855 F. App'x 468, 472 (11th Cir. 2011).

13.      Here, the arbitration agreement is governed by the Convention.

14.    The arbitration agreement is in writing because in order to access each of Defendant's platforms, users must agree to the arbitration agreement contained in that platform's terms of service. (Declaration of Xiao Liu ("Liu Decl.")  ¶¶ 11–18). *See also Chambers v. Groome Transp. Alabama*, 41 F.Supp.3d 1327, 1340 (M.D. Ala. 2014).

15.    Plaintiff's own claims and the claims by anticipated class members brought under § 8-1-150(a) depend on Plaintiff and the anticipated class members' access to and use of Defendant's platforms. (*See* Compl. ¶ 21 (defining the class as "[a]ll Alabama residents who spent money . . . on Defendant's website or websites")).

16.    Accordingly, it follows from the facts as alleged in the Complaint, Plaintiff and anticipated class members agreed to the written arbitration agreement.

17.    Second, the United States is a signatory to the Convention, which is further codified at 9 U.S.C. § 201, *et seq.*

18.    This dispute is commercial in nature because it concerns purchases allegedly made on the Defendant's internet websites. (*See* Compl. ¶¶ 15, 21.)

19.    Finally, Fish Bear Studio Ltd. is a Hong Kong limited company with its principal place of business in Hong Kong. Thus, Defendant, a party to this case, is not an American citizen, and this matter otherwise has a reasonable relationship to one or more foreign states. *See* 9 U.S.C. § 202.

20.    As a federal court in the Northern District of Illinois recently recognized in a case brought against a similarly situated foreign company, there is "no viable argument" that the arbitration agreement is not governed by the Convention. *Ambrosia v. Blazesoft Ltd.*, No. 25 C 1723, 2025 WL 2976477, at *3 (N.D. Ill. Oct. 21, 2025); (emphasis added); se*e also Boatner v. SSPS LLC*, No. 25 Civ. 3251, 2025 WL 3281509, at *2 (DEH), (S.D.N.Y. Nov. 25, 2025).

## II.    Class Action Fairness Act

21.    Although Defendant denies any and all liability as to Plaintiff's claims and denies that this matter should proceed at all, let alone as a class action, removal of this case is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

22.    A "class action" under CAFA includes any civil action filed under the Federal Rule of Civil Procedure 23. 28 U.S.C. § 1332(d)(1)(B). Under CAFA, a federal district court has jurisdiction over a "class action" when (1) there is minimal diversity of citizenship between the parties, i.e., if "any member of a class of plaintiff is a citizen of a State different from any defendant," (2) the "aggregate amount in controversy exceeds $5 million," and (3) the proposed class contains at least 100 members. 28 U.S.C. § 1332(d)(2), (5).

23.    Plaintiff's proposed class broadly includes "All Alabama residents who spent money purchasing virtual coins on Defendant's website or websites and suffered a net loss" in the six months prior to the filing of the Complaint and continuing to a date set by the Court. (Compl. ¶ 21.) This period beginning January 6, 2024, is referred to herein as the "Loss Recovery Period."

### A.  The Proposed Class Readily Exceeds 100 Members.

24.    Here, the Complaint alleges that "[t]here are thousands of Alabama residents who are members of the class." (Compl. ¶ 22.) Similarly, the Liu Declaration establishes that there are at least 100 members within the proposed class. (Liu Decl. ¶ 22.)

25.    Defendant's business records reflect that during the six months prior to the Complaint, there were more than 20,000 people in the state of Alabama who made a purchase on Defendant's platforms. (*Id.* ¶ 23.)

5

26.     Given these circumstances, Defendant has plausibly alleged that a sufficient number of class members exist for removal under CAFA's threshold requirements.

**B.   The Amount in Controversy Exceeds $5 Million.**

27.     Pursuant to 28 U.S.C. § 1332(d)(2), the district court "shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action" that the Defendant is a citizen of a foreign state. To "determine whether the matter in controversy" exceeds $5 million, "the claims of the individual class members shall be aggregated," 28 U.S.C. § 1332(d)(6), and those "class members" include "persons (named or unnamed) who fall within the definition of the proposed or certified class." Id. § 1332(d)(1)(D).

28.     A defendant need only make a plausible claim that the amount in controversy exceeds the jurisdictional threshold. *Dart*, 574 U.S. at 84.

29.     Generally, a federal district court will first consider whether it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). However, a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the Complaint, the Court may consider facts averred in the removal petitions. *Id.* at 754–55. To this end, the Eleventh Circuit has explained that when it is unclear from the face of the Complaint whether the amount in controversy exceeds the amount in controversy threshold, the defendant need only establish by a "preponderance of the evidence" that the amount in controversy exceeds $5 million. *Id.* at 752.

30.     Plaintiff's proposed class definition broadly includes all Alabama residents who incurred a net loss while using the platforms during the six months preceding the Complaint,

until a date set by the Court, with damages calculated until the entry of judgment. According to Defendant's business records, purchases on Defendant's platforms by users in the State of Alabama who incurred a net loss during are projected to exceed $5 million during the Loss Recovery Period. (Liu Decl. ¶¶ 24–25.)

31.    While Defendant denies that Plaintiff or the putative class should be or will be entitled to any recovery or relief whatsoever, if the Court were to award the relief sought by Plaintiff, the financial loss to Defendant would exceed $5 million exclusive of costs and interest. Given these circumstances, CAFA's amount-in-controversy requirement is satisfied.

C.  **Minimal Diversity Exists Amont the Parties**

32.    To establish federal jurisdiction, a defendant must show only minimal diversity— i.e., that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(a); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1202 (11th Cir. 2007).

33.    For diversity of citizenship, a corporation is "deemed to be a citizen of a State by which it has been incorporated" and also a citizen "of the State where it has its principal place of business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (citing U.S.C. §§ 1332(c)(1)).

34.    At the time this action was commenced, Defendant was and remains a foreign company formed under the laws of Hong Kong, and with its principal place of business in Hong Kong. (Liu Decl. ¶ 5.) Thus for purposes of diversity, Defendant is a citizen of a foreign state. 28 U.S.C. § 1332(c)(1).

35.     According to the allegations in the Complaint, at the time this action was commenced, Plaintiff was a resident of Alabama. (Compl. Opening Sentence.) Thus, Plaintiff is a citizen of Alabama for purposes of diversity jurisdiction.

36.     Diversity of citizenship exists between Defendant and at least one member of the proposed class. Thus, removal is proper. 28 U.S.C. § 1332(d)(2)(A).

## CONCLUSION

37.     Removal of this action is proper under 28 U.S.C. §§ 1332(d)(2), 1441 and 1446.

38.     Removal of this action is further proper under 9 U.S.C. § 205.

39.     Defendant reserves all defenses, including but not limited to defenses based on lack of personal jurisdiction and arbitrability of the claims alleged in the Complaint and including but not limited to, all defenses available under Fed. R. Civ. P. 12(b), and the right to move to compel arbitration. *See Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1323 (11th Cir. 2021) (citing *Freeman v. Bee Machine Co.*, 319 U.S. 448, 449–51 (1943)); *S&H Contractors, Inc. v. A.J. Taft Coal. Co.*, 907 F.2d 1507 (11th Cir. 1990); *see also Hicks v. Am. United Life Ins., Co.,* No. CV-10-S-01401, 2011 WL 13233202 at *11 (N.D. Ala. Jan. 19, 2011) (removal is insufficient to establish that defendant acted inconsistently with the right to arbitrate).

8

Dated: March 11, 2026

*Gerald P. Gillespy*
Forrest S. Latta (LATTF0526)
Gerald P. Gillespy (GILLG3726)

**BURR & FORMAN LLP**
11 N. Water Street, Suite 22200
Mobile, AL 36602
Tel: (251) 344-5151
Fax: (251) 344-9696
Email: flatta@burr.com

420 North 20th Street
Suite 3400
Birmingham, AL 35203
Tel: (205) 251-3000
Fax: (205) 458-5100
Email: ggillespy@burr.com

*Counsel for Defendant*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in the Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 11th day of March 2026.

Jeffrey L. Bowling
John A. McReynolds, IV
Evan M. Hargett
BEDFORD, ROGERS & BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256-332-2880
Jeff@rbmattorneys.com
John@rbmattorneys.com
Evan@rbmattorneys.com

John E. Norris
D. Frank Davis
Welsey W. Barnett
Dargan M. Ware
DAVIS & NORRIS LLP
Telephone: 205-930-9900
Facsimile: 205-930-9989
jnorris@davisnorris.com
fdavis@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

/s/ Gerald P. Gillespy
*Counsel for Defendant*