FILED

2026 Mar-11  PM 01:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

## ALABAMA SJIS CASE DETAIL

**PREPARED FOR: JENNIFER WILSON**
2/26/2026 2:04:11 PM

**alacourt.com**

County: **33**    Case Number: **CV-2026-900027.00**    Court Action:

Style: **SARAH CLARK V. FISH BEAR STUDIO, LTD**

Real Time

### Case

#### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | **33-FRANKLIN** | Case Number: | **CV-2026-900027.00** | Judge: | **BPH:BRIAN P HAMILTON** |
| Style: | **SARAH CLARK V. FISH BEAR STUDIO, LTD** | | | | |
| Filed: | **01/06/2026** | Case Status: | **ACTIVE** | Case Type: | **OTHER CV CASE** |
| Trial Type: | **BENCH** | Track: | | Appellate Case: | **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **1** | | |

#### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

#### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | **0** | Num of Liens: | **0** | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | **:** | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

#### Comments

Comment 1:
Comment 2:

#### Appeal Information

| | | | | | |
|---|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date Of Appeal: | | Disposition Type Of Appeal: | | | |

#### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subponeas: | | Last Update: | **01/06/2026** | Updated By: | **AJA** |

### Parties

#### Party 1 - Plaintiff INDIVIDUAL - CLARK SARAH

##### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **CLARK SARAH** | | Type: | **I-INDIVIDUAL** |
| Index: | **D FISH BEAR ST** | Alt Name: | | Hardship: **No** | JID: | **BPH** |
| Address 1: | **303 N JACKSON AVE** | | | Phone: **(256) 000-0000** | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Address 2: | | | | | | |
| City: | **RUSSELLVILLE** | State: | **AL** | Zip: | **35653-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | **F** | Race: |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: **$0.00** | | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: / Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | BOW037 | | BOWLING JEFFREY LOWELL | JEFF@RBMATTORNEYS.COM | (256) 332-2880 |
| Attorney 2 | MCR008 | | MCREYNOLDS JOHN ANDREW IV | JOHN@RBMATTORNEYS.COM | (256) 332-2880 |
| Attorney 3 | HAR411 | | HARGETT EVAN MICHAEL | EVAN@RBMATTORNEYS.COM | (256) 332-2880 |
| Attorney 4 | DAV009 | | DAVIS DUDLEY FRANK | FDAVIS@DAVISNORRIS.COM | (205) 930-9900 |
| Attorney 5 | NOR041 | | NORRIS JOHN EDWARD | JNORRIS@DAVISNORRIS.COM | (205) 930-9900 |
| Attorney 6 | BAR141 | | BARNETT WESLEY WARRINGTON | WBARNETT@DAVISNORRIS.COM | (205) 930-9900 |

### Party 2 - Defendant BUSINESS - FISH BEAR STUDIO, LTD

#### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **FISH BEAR STUDIO, LTD** | | | Type: | **B-BUSINESS** |
| Index: | **C CLARK SARAH** | Alt Name: | | | | JID: | **BPH** |
| Address 1: | **UNIT 2508A 25/F BANK OF** | | | Phone: | **(256) 000-0000** | | |
| Address 2: | **AMERICA TOWER 12 HARCOURT** | | | | | | |
| City: | **ROAD CENTRAL H** | State: | **AL** | Zip: | **12345-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: | |

#### Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: **$0.00** | | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

#### Service Information

| | | | |
|---|---|---|---|
| Issued: **01/06/2026** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: / Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

**Attorneys**

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

**Fee Sheet**

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|------------|-----------|----------|-------|-------|------------|-------------|---------|-------------|---------------|
| ACTIVE | N | AOCC - CERT-AOC | C001 | | $29.35 | $29.35 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV - CONV FEE | C001 | | $14.71 | $14.71 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 - CV OVER $50K | C001 | | $301.00 | $301.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM - VADM FEE | C001 | | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $390.06 | $390.06 | $0.00 | $0.00 | |

**Financial History**

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|------------------|-------------|---------------------|-------------------|----------------|--------|------------|----------|------------|-----------|--------|----------|----------|
| 01/07/2026 | RECEIPT | AOCC - CERT-AOC | 2026064 | 16664000 | $20.54 | C001 | 000 | Credit Card | N | | | MMC |
| 01/07/2026 | CREDIT | CONV - CONV FEE | 2026064 | 16664100 | $14.71 | C001 | 000 | Cash | N | | | MMC |
| 01/07/2026 | RECEIPT | CV05 - CV OVER $50K | 2026064 | 16664200 | $301.00 | C001 | 000 | Credit Card | N | | | MMC |
| 01/07/2026 | RECEIPT | VADM - VADM FEE | 2026064 | 16664300 | $45.00 | C001 | 000 | Credit Card | N | | | MMC |
| 01/20/2026 | CHGD DUE | AOCC - CERT-AOC | 2026071 | 00000000 | $29.35 | C001 | 000 | Money Order | N | | | MMC |
| 01/20/2026 | RECEIPT | AOCC - CERT-AOC | 2026071 | 16692700 | $8.81 | C001 | 000 | Check | N | | | MMC |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 1/6/2026 | 4:21 PM | ECOMP | COMPLAINT E-FILED. | BOW037 |
| 1/6/2026 | 4:21 PM | FILE | FILED THIS DATE: 01/06/2026     (AV01) | AJA |
| 1/6/2026 | 4:21 PM | EORD | E-ORDER FLAG SET TO "Y"     (AV01) | AJA |
| 1/6/2026 | 4:21 PM | ASSJ | ASSIGNED TO JUDGE: BRIAN P HAMILTON     (AV01) | AJA |
| 1/6/2026 | 4:21 PM | SCAN | CASE SCANNED STATUS SET TO: N     (AV01) | AJA |
| 1/6/2026 | 4:21 PM | TDMN | BENCH/NON-JURY TRIAL REQUESTED     (AV01) | AJA |
| 1/6/2026 | 4:21 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE     (AV01) | AJA |
| 1/6/2026 | 4:21 PM | ORIG | ORIGIN: INITIAL FILING     (AV01) | AJA |
| 1/6/2026 | 4:21 PM | C001 | C001 PARTY ADDED: CLARK SARAH     (AV02) | AJA |
| 1/6/2026 | 4:21 PM | C001 | INDIGENT FLAG SET TO: N     (AV02) | AJA |
| 1/6/2026 | 4:21 PM | C001 | LISTED AS ATTORNEY FOR C001: BOWLING JEFFREY LOWE | AJA |
| 1/6/2026 | 4:21 PM | C001 | LISTED AS ATTORNEY FOR C001: MCREYNOLDS JOHN ANDR | AJA |
| 1/6/2026 | 4:21 PM | C001 | LISTED AS ATTORNEY FOR C001: HARGETT EVAN MICHAEL | AJA |
| 1/6/2026 | 4:21 PM | C001 | LISTED AS ATTORNEY FOR C001: DAVIS DUDLEY FRANK | AJA |
| 1/6/2026 | 4:21 PM | C001 | LISTED AS ATTORNEY FOR C001: NORRIS JOHN EDWARD | AJA |
| 1/6/2026 | 4:21 PM | C001 | LISTED AS ATTORNEY FOR C001: BARNETT WESLEY WARRI | AJA |
| 1/6/2026 | 4:21 PM | C001 | C001 E-ORDER FLAG SET TO "Y"     (AV02) | AJA |
| 1/6/2026 | 4:21 PM | D001 | D001 PARTY ADDED: FISH BEAR STUDIO, LTD     (AV02) | AJA |
| 1/6/2026 | 4:21 PM | D001 | INDIGENT FLAG SET TO: N     (AV02) | AJA |
| 1/6/2026 | 4:21 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE     (AV02) | AJA |
| 1/6/2026 | 4:21 PM | D001 | CERTIFIED MAI ISSUED: 01/06/2026 TO D001     (AV02) | AJA |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1/6/2026 | 4:21 PM | D001 | D001 E-ORDER FLAG SET TO "Y" | (AV02) | | AJA |
| 1/23/2026 | 8:44 AM | ESCAN | SCAN - FILED 1/21/2026 - RECEIPT | | | MMC |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 1/6/2026 4:21:09 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 1/6/2026 4:21:10 PM | 2 | COMPLAINT | | 14 |
| 1/6/2026 4:22:03 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 1/6/2026 4:22:04 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 1/21/2026 12:00:05 AM | 5 | RECEIPT | | 1 |

 **END OF THE REPORT**

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/25 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Cas<br>33<br><br>Date of Filing:<br>01/06/2026 | Judge Code: |
|---|---|---|---|

ELECTRONICALLY FILED
1/6/2026 4:21 PM
33-CV-2026-900027.00
CIRCUIT COURT OF
FRANKLIN COUNTY, ALABAMA
DERRICK SCOTT, CLERK

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA
### SARAH CLARK v. FISH BEAR STUDIO, LTD

**First Plaintiff:** ☐ Business  ☑ Individual     **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other       ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA  - Wrongful Death
- ☐ TONG  - Negligence: General
- ☐ TOMV  - Negligence: Motor Vehicle
- ☐ TOWA  - Wantonness
- ☐ TOPL   - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM  - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM  - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX  - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE  - Personal Property
- ☐ TORE  - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN  - Abandoned Automobile
- ☐ ACCT  - Account & Nonmortgage
- ☐ APAA  - Administrative Agency Appeal
- ☐ ADPA  - Administrative Procedure Act
- ☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT  - Civil Rights
- ☐ COND  - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP  - Contempt of Court
- ☐ CONT  - Contract/Ejectment/Writ of Seizure
- ☐ TOCN  - Conversion
- ☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD  - Eviction Appeal/Unlawful Detainer
- ☐ FORJ  - Foreign Judgment
- ☐ FORF  - Fruits of Crime Forfeiture
- ☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB  - Protection From Abuse
- ☐ EPFA  - Elder Protection From Abuse
- ☐ QTLB  - Quiet Title Land Bank
- ☐ FELA  - Railroad/Seaman (FELA)
- ☐ RPRO  - Real Property
- ☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP  - Workers' Compensation
- ☑ CVXX  - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING            P ☐ APPEAL FROM PROBATE COURT

A ☐ APPEAL FROM DISTRICT COURT       O ☐ OTHER

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ YES  ☑ NO     **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| BOW037 | 1/6/2026 4:21:08 PM | /s/ JEFFREY LOWELL BOWLING |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**      ☐ YES  ☐ NO  ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**      ☐ YES  ☑ NO

ELECTRONICALLY FILED
1/6/2026 4:21 PM
33-CV-2026-900027.00
CIRCUIT COURT OF
FRANKLIN COUNTY, ALABAMA
DERRICK SCOTT, CLERK

## IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

SARAH CLARK,           )
)
    Plaintiff        )
)
v.                  )      Case No. _____
)
FISH BEAR STUDIO, LTD.,   )
)
    Defendant.     )

### STATEWIDE CLASS ACTION COMPLAINT

Plaintiff, Sarah Clark, an adult resident of Alabama, on her own behalf and on behalf of all others similarly situated in the state of Alabama, files this state-wide class action complaint against Fish Bear Studio, Ltd. ("Defendant").

### THE "SOCIAL CASINO" GAMES AT ISSUE PREY UPON ALABAMA RESIDENTS AND ARE ILLEGAL GAMBLING UNDER THE LAW

1.    In the last fifteen years, slot machine makers have found a lucrative new way of doing business. In the past, slot machine venues were limited to casinos and other businesses that attract gamblers to come into an establishment and gamble money on slots and other gambling schemes. Now, companies such as Defendant have leveraged the power of modern smartphones, tablets, and computers to smuggle illegal slot machines and other gambling games into the homes and workplaces of Americans, where gamblers can satisfy their gambling addiction 24 hours a day, 365 days a year, without having to leave their homes or places of work. These new slot machine applications, misleadingly referred to as "social casino games" or "sweeps

casinos," are nothing more than illegal gambling games that can be carried in one's purse or pocket. Those addicted to gambling no longer have to travel to a casino. Now they can gamble real money from home, work, restaurants, the grocery store, while on vacation, and anywhere else where the gambler's device can receive signal.

2.     Some of the "social casino" slot machines available on the internet do not afford gamblers the opportunity to earn real money, instead allowing them to gamble only "virtual coins." Defendant's websites, however, are among a growing number of "sweeps casinos" that allow users to play not only with "gold coins" that are pure virtual currency not redeemable for real money, but also with "sweeps coins" that can be redeemed for cash. In Alabama, both of these forms of gambling are illegal, because the law holds that the opportunity to win additional playing time is a "thing of value" such that gambling for more playing time is illegal gambling even though the gambler never has the opportunity to win his or her money back. Ala. Code 13A-12-20(11) (defining a "thing of value" to include "extension of a service entertainment or a privilege of playing at a game or scheme without charge.")

3.     The social ills caused by "social casino" and "sweeps casino" games, even those that do not allow users to win real money, are well-documented. Media reports how gambling addicts spend enormous, and completely unaffordable, amounts of money on these casino games. One nurse in Houston is reported to play a slot machine game similar to defendant's here for a minimum of two hours a day.

(Ex. 1, https://www.nbcnews.com/tech/technews/addicted-losing-how-casino-apps-have-drained-people-millions-n1239604 (last accessed on Aug. 19, 2024)). Between her and her husband, who plays the game with her, she estimates they have lost $150,000. She asked NBC News to withhold her name "so her family does not find out how much money they have spent on the game." (Id.). She said her and her husband "lie in bed next to each other, we have two tablets, two phones and a computer and all these apps spinning Reel Rivals at the same time. We normalize it with each other." (Id.). This is not an isolated instance.

> NBC News spoke to 21 people, including Shellz [the Houston nurse] and her husband, who said they were hooked on the casino-style games and spent significant sums of money. They described feelings of helplessness and wanting to quit but found themselves addicted to the games and tempted by the company's aggressive marketing tactics.
>
> Most of the 21 players wished to remain anonymous, as they were ashamed of their addictions and did not want their loved ones to find out about their behavior.

(Id.). For example, a "42-year-old Pennsylvania woman said she felt saddened that she spent $40,000 [on a social casino app that competes with defendant's] while working as an addiction counselor. 'The whole time I was working as an addiction counselor, I was addicted to gambling and with no hope of winning any money back,' she said."

4.     Such problems are only exacerbated by "sweeps casinos," where users have access to real money gambling twenty-four hours a day, seven days a week.

Anecdotal reports of gambling addictions in connection with social casino and sweeps casino games like defendant's are buttressed by recent scientific studies that confirm that such apps appeal to gambling addicts in much the same way as real Las Vegas-style casinos, and have a particular appeal to teenagers. One of the more troubling statistics comes from studies that show that 30% of users of these games between the ages of 12 and 18 later become regular gamblers. Hollingshead, et al., "Motives for playing social casino games and the transition from gaming to gambling (or vice versa): social casino game play as harm reduction?" 46 Journal of Gambling Issues 43 (2021). More broadly, over half of social casino and sweeps casino players reported gambling on a regular basis. (Id.). Because of this overlap, traditional gambling operators are now heavily invested in defendant's industry as a way to port players from online gambling games to real casinos. (Id.). One study showed that an astonishing 58.3 percent of gamblers seeking treatment for gambling addiction "reported social casino games as being their first introduction to gambling activities." Kim, "Social Casino Games: Current Evidence and Future Directions," Gambling Research Exchange Ontario.

5.    Companies in the social casino and sweeps casino industry, including Defendant, have extracted tens of millions of dollars from Alabama's economy in the last five years, all without employing a single person in the state or paying a dime in taxes to Alabama's treasury. The money extracted from Alabama's economy ends

up in not only in places like Gibraltar, Hong Kong, Israel, Australia, and Cyprus, where major players in the industry are headquartered. According to research on the industry as a whole, social casinos and sweeps casinos had estimated 2024 revenues of 7.1 billion and 10.6 billion, respectively. https://kpmg.com/kpmg-us/content/dam/kpmg/pdf/2025/sweepstakes-gaming-emerging-industry-primer.pdf. Even if Alabama consumers represent but a small percentage of that total, the reality is that a great deal of money is being removed from the state's economy each year. Again, this money leaves the state without creating any Alabama jobs or generating any tax revenue for the treasury.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff, Sarah Clark, is an adult who played the illegal gambling games described below while being physically present/located in Franklin County, Alabama.

7. Defendant Fish Bear Studio, Ltd is a business entity organized under the laws of Hong Kong, with its primary place of business in Hong Kong. Defendant does business through online gambling games in all counties in Alabama, including Franklin County, Alabama in which Plaintiff played said illegal gambling games. Defendant has no physical place of business in the state of Alabama.

8.    The events giving rise to plaintiff's claims occurred in Franklin County, Alabama and venue is proper in this forum.

9.    The named plaintiff lost less than $75,000 on Defendant's gambling games during the six months preceding the filing of this complaint.

10.    Upon information and belief, the net of the amount class members spent on Defendant's gambling games minus the amount redeemed during the six months preceding the filing of this complaint is less than $5,000,000.

## FACTUAL BACKGROUND

11.    Defendant is a game developer that has created games that simulate slot machines and other gambling games. Defendant makes these games available to the public on the internet.

12.    Defendant's games operate with two forms of virtual coins. The first are called gold coins, and are available for purchase, as well as being given to players when they first sign up and at certain intervals. Gold coins cannot be redeemed for real-world currency. However, when users play with gold coins and win, this extends their playing time without having to purchase more coins.

13.    The other virtual coins used by Defendant's website are called Sweeps Coins. Defendant maintains that Sweeps Coins cannot be purchased, but when players purchase packages of gold coins, they are given as a "free bonus" a set number of Sweeps Coins. Sweeps Coins can be redeemed for real-world currency.

Thus, when customers play with them, they are gambling real money, whether the Defendant describes it this way or not.

14.     Defendant's games are games of chance. It makes available online games in a variety of formats through its website that simulate slot machines and other casino games.

15.     Plaintiff, Sarah Clark, spent money to play Defendant's gambling games within the six months preceding the filing of this complaint.

16.     Defendant's games are governed by terms and conditions that facilitate the illegal gambling and are thus void pursuant to Section 8-1-150(a) of the Alabama Code, which states that "[a]ll contracts founded in whole or in part on a gambling consideration are void."

## LEGAL FRAMEWORK

17.     Gambling is illegal in Alabama, and there is a strong public policy against gambling in this state. The state's strong public policy against gambling includes a statutory right of persons who spend money on illegal gambling to recover their money.

18.     Alabama's criminal laws pertaining to gambling are codified at Sections 13A-12-20 through 13A-12-92 of the Alabama Code. The Code defines gambling as follows: "A person engages in gambling if he stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not

under his control or influence, upon an agreement or understanding that he or someone else will receive something of value in the event of a certain outcome." Ala. Code § 13A-12-20(4).

19.    When Defendant's players use sweeps coins, they risk a thing of value in the hopes of winning more sweeps coins that can be redeemed for cash. When they play with Wow coins, they risk them in hopes of winning more coins to extend their ability to play the game for free. As a matter of law, risking something of value for money or the "extension of a service entertainment or a privilege of playing at a game or scheme without charge" constitutes gambling under Alabama law. Ala. Code § 13A-12-20(11)

20.    Alabama provides a statutory civil cause of action to recover money paid and lost due to gambling:

> All contracts founded in whole or in part on a gambling consideration are void. Any person who has paid any money or delivered any thing of value lost upon any game or wager may recover such money, thing, or its value by an action commenced within six months from the time of such payment or delivery.

Ala. Code § 8-1-150(a).

**CLASS ALLEGATIONS**

21.    Plaintiff seeks to certify and represent a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. The class sought to be certified is defined as follows:

All Alabama residents who spent money purchasing virtual coins on Defendant's website or websites and suffered a net loss on the gambling games within the six months preceding the filing of this complaint and continuing to a date to be set by the Court following certification. All employees of the Court and plaintiff's counsel, and their families, as well as any individual who suffered a net loss of more than $75,000 on Defendant's games within the six months preceding the filing of this complaint, are excluded.

22.     This class action satisfies the numerosity requirement of Rule 23(a)(1) because joinder of all members of the plaintiff class is impracticable. There are thousands of Alabama residents who are members of the class.

23.     This class also satisfies the commonality requirement of Rule 23(a)(2) because there are central questions of fact and law that are common to the class. Such common questions include, at a minimum, (a) whether Defendant's games are games of chance; (b) whether free play is a thing of value under Alabama law, (c) whether individuals playing with Sweeps Coins can recover real money; (d) whether Defendant's games thus constitute illegal gambling under Alabama law; and (e) whether class members are entitled to recover their losses pursuant to Section 8-1-150(a) of the Alabama Code.

24.     The proposed class satisfies the typicality requirement of Rule 23(a)(3) because the named plaintiff's claims are typical of the claims of the class members. Both plaintiff and the class members lost money in an effort to win either money (with Sweeps Coins) or additional playing time (with gold coins) on these illegal gambling games.

25. The named plaintiff will fairly and adequately represent the interests of the class pursuant to Rule 23(a)(4). Plaintiff has no interests that conflict with the interests of the class. Furthermore, plaintiff has retained competent and experienced counsel with decades of experience litigating class cases.

26. Plaintiff seeks certification of the class pursuant to Rule 23(b)(3), which allows class treatment of a claim where:

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

27. The common questions of law and fact in this case vastly predominate over any individual issues affecting only individual class members. The *only* individual issue presented by these class members is the exact amount of money damages to which each class member is entitled. Such damages issues are routinely held not to predominate over common questions in cases like this. Indeed, the

individual damages issues can be quickly and accurately resolved by examining Defendant's own records.

28.    Class treatment is by far superior to individual litigation as a fair and efficient way to adjudicate this controversy. Given the relatively small individual amounts at issue, it is unlikely that there would be any adjudication of the class claims in this case at all.

29.    For this reason, none of the class members have any interest in controlling the prosecution of separate actions. Likewise, to our knowledge, no class member has commenced a pending action concerning this controversy.

30.    It would be much more desirable to concentrate this case in one action rather than allow the prosecution of individual actions because, as noted, such individual actions would likely never be filed because class members would be unlikely to have any motivation to file an individual suit.

31.    We foresee no particular difficulties in managing this case as a class action because all of the necessary information to compensate the individual class members is contained in Defendant's own records concerning users' purchases.

## CLAIM FOR RELIEF

32.    On behalf of himself and all others similarly situated, Plaintiff seeks recovery of the net amount of the sum paid through purchases of virtual currency on Defendant's website or websites within the six months preceding the filing of this

complaint minus the payouts to class members, pursuant to Section 8-1-150(a) of the Alabama Code.

## PRAYER FOR RELIEF

Pursuant to the legal and factual averments above, Plaintiff respectfully asks this court to:

1. Take jurisdiction of this cause;

2. Following discovery, certify this case as a class action pursuant to Rule 23(b)(3);

3. Appoint the undersigned as Class Counsel and the named plaintiff as class representative;

4. Enter a final judgment against Defendant awarding plaintiff and the class members a refund of their net losses on Defendant's illegal gambling games in the period between six months prior to the complaint and the entry of judgment;

5. Award Class Counsel reasonable attorneys' fees and expenses to be paid out of the judgment in favor of the class;

6. Award the named plaintiff a reasonable sum of money for his services in this case on behalf of the class, also to be paid out of the judgment in favor of the class;

7. Award interest and costs; and

8. Award any other relief to which the Court finds plaintiff and the class are

entitled.

Respectfully submitted this 6th day of January, 2026,

/s/ Jeffrey L. Bowling
Jeffrey L. Bowling
One of the Attorneys for Plaintiff

**COUNSEL:**
Jeffrey L. Bowling
John A. McReynolds, IV
Evan M. Hargett
BEDFORD, ROGERS & BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256.332.2880
Jeff@rbmattorneys.com
john@rbmattorneys.com
Evan@rbmattorneys.com

John E. Norris
D. Frank Davis
Wesley W. Barnett
Dargan M. Ware
DAVIS & NORRIS, LLP
Telephone: 205.930.9900
Facsimile: 205.930.9989
jnorris@davisnorris.com
fdavis@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

Plaintiff hereby requests that service by made by way of Certified mail Return
Receipt Requested to be issued by the Clerk of Court to the following:

**Fish Bear Studio, LTD.**
Unit 2508A 25/F
Bank of America Tower
12 Harcourt Road Central
HONG KONG



AlaFile E-Notice

33-CV-2026-900027.00

To:   JEFFREY LOWELL BOWLING
      jeff@rbmattorneys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

SARAH CLARK V. FISH BEAR STUDIO, LTD
33-CV-2026-900027.00

The following complaint was FILED on 1/6/2026 4:21:11 PM

Notice Date:      1/6/2026 4:21:11 PM

DERRICK SCOTT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, ALABAMA
P. O. BOX 160
RUSSELLVILLE, AL, 35653

256-332-8861



AlaFile E-Notice

33-CV-2026-900027.00

To:  FISH BEAR STUDIO, LTD
UNIT 2508A 25/F BANK OF
AMERICA TOWER 12 HARCOURT
ROAD CENTRAL HONG KONG, AL, 12345

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

SARAH CLARK V. FISH BEAR STUDIO, LTD
33-CV-2026-900027.00

The following complaint was FILED on 1/6/2026 4:21:11 PM

Notice Date:      1/6/2026 4:21:11 PM

DERRICK SCOTT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, ALABAMA
P. O. BOX 160
RUSSELLVILLE, AL, 35653

256-332-8861

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>33-CV-2026-900027.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA COUNTY, ALABAMA
### SARAH CLARK V. FISH BEAR STUDIO, LTD

**NOTICE TO:** FISH BEAR STUDIO, LTD, UNIT 2508A 25/F BANK OF AMERICA TOWER 12 HARCOURT, ROAD CENTRAL HONG KONG, AL 12345

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY LOWELL BOWLING ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: POST OFFICE BOX 669, RUSSELLVILLE, AL 35653 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

SARAH CLARK
*[Name(s)]*

| 01/06/2026 | /s/ DERRICK SCOTT | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ JEFFREY LOWELL BOWLING
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to in County, Alabama on .

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

Document left:

   ☐ with above-named Defendant;

   ☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

   ☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by in County, Alabama on who is:

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

   ☐ the above-named Defendant;

   ☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Telephone Number of Designated Process Server)*

1A

**Registered No**

RE 278 872 031 US

**Date Stamp**

Reg. Fee 29.85

| To Be Completed By Post Office | Handling Charge | | Return Receipt |
|---|---|---|---|
| | Postage | $0.00 | Restricted Delivery |
| | Received by | | |

Customer Must Declare
Full Value $

Domestic Insurance up to $25.000 is included based upon the declared value. International Indemnity is limited. (See Reverse).

Cv 26·900027    $39.35

FROM

Franklin Co. Circuit Clerk
P.o. Box 160
Russellville, AL 35653

TO

Fish Bear Studio, LTD
Unit 2508A 25F, Bank of America Tower
12 Harcourt Road Central
Hong Kong

PS Form **3806,** **Receipt for Registered Mail**    Copy 1 - Customer
May 2007 (7530-02-000-9051)    (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com